United States District Court
Southern District of Texas
**ENTERED**
May 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SAMUEL J. LEWIS,                          §
                                          §
        *Plaintiff*,                      §
                                          §
vs.                                       §   CIVIL ACTION NO. H-26-632
                                          §
D.O. CRAIG, *et al.*,                     §
                                          §
        *Defendants*.                     §

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel J. Lewis was previously an inmate at the Harris County Jail. In January 2026, he filed a civil-rights complaint under 42 U.S.C. § 1983, alleging that he was injured when he was a passenger in a Jail transport bus that was involved in an auto accident. (Dkt. 1). He proceeds here *pro se* and *in forma pauperis*.

On March 3, 2026, the Court ordered Lewis to provide a more definite statement of his claims. (Dkt. 11). The order set out questions for Lewis to answer about the accident and his alleged injuries, and it required Lewis to file his response within thirty days. (*Id.*). After Lewis filed a change of address with the Court, the order was remailed to him at his new address on March 30, 2026. (Dkts. 12, 13). Lewis has failed to comply with the order, and his time to do so has now expired.

Lewis's failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to

1/2

manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1.    Lewis's civil-rights action, (Dkt. 1), is **DISMISSED without prejudice** for want of prosecution.

2.    Any pending motions are **DENIED as moot**.

3.    Lewis is advised that upon a showing of good cause for failing to comply with the Court's March 3 Order, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be accompanied by Lewis's response to the March 3 Order for More Definite Statement.

The Clerk will provide a copy of this Order to the plaintiff.

SIGNED at Houston, Texas on _____ *May, 7* _____, 2026.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE